UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Janea Carter, | Civil Action No.: 3:18-cv-3239 |
| Plaintiff, | |
| v. | |
| Innovative Recovery, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Janea Carter, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Janea Carter ("Plaintiff"), is an adult individual residing in Springfield, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Innovative Recovery, Inc. ("Innovative"), is a Texas business entity with an address of 4230 Lyndon B. Johnson Freeway, Suite 407, Dallas, Texas 75224-5882, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

5.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      The Debt was purchased, assigned or transferred to Innovative for collection, or Innovative was employed by the Creditor to collect the Debt.

8.      Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Innovative Engages in Harassment and Abusive Tactics**

9.      In or around January 2018, Innovative called Plaintiff in an attempt to collect the Debt.

10.     On or around March 9, 2018, Plaintiff verbally disputed the ownership of the Debt and requested verification.

11.     Innovative attempted to verify that Plaintiff was the correct consumer by requesting Plaintiff's date of birth and social security number.

12.     Plaintiff's personal information did not match the consumer's personal information Innovative had in their file.

13.     Innovative refused to provide Plaintiff with a verification letter, as requested by Plaintiff.

14.     Innovative threatened to have Plaintiff arrested if she did not pay the Debt within 24 hours.

15. Innovative failed to provide Plaintiff with any written collection letters and failed to advise Plaintiff of her right to dispute the Debt within five days of the initial contact, as required by law.

**C.    Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

17. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with imprisonment if the Debt was not paid.

22. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

23. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

25. Defendant's continued its collection efforts after receiving Plaintiff's written request for verification of the alleged debt and before providing such verification, in violation of 15 U.S.C. § 1692g(b).

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 10, 2018

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897

        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: jburton@lemberglaw.com
        Attorneys for Plaintiff